**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Caroline Booker, et al.,                )    No. CV-09-00902-PHX-ROS
                                         )
            Plaintiffs,                  )    **ORDER**
                                         )
vs.                                      )
                                         )
                                         )
State of Arizona, et al,                 )
                                         )
            Defendants.                  )
                                         )
_____  )

        Defendant United States seeks a protective order in response to discovery propounded by Plaintiffs.  For the following reasons, the protective order will be granted.

                            **BACKGROUND**

        This case involves application of the discretionary function exception of the Federal Tort Claims Act.  Defendant moved for dismissal of this suit on the basis that all of the alleged misconduct is covered by the exception.  In addressing that motion, the Court granted Plaintiffs' request to conduct a limited amount of discovery.  Plaintiffs immediately propounded extensive discovery to Defendant.  Defendant now claims the "proposed discovery [is] far in excess" of what the Court allowed.  (Doc. 38 at 2).  Plaintiffs respond that the discovery is necessary to determine whether the discretionary function exception applies.

The discovery dispute stems from the parties' disagreement on the precise theory Plaintiffs wish to pursue. According to the complaint, Defendant "owed a duty to Plaintiffs to exercise reasonable care in the maintenance and guarding of the Brighter Days Mine, and notice and warning of its presence." (Doc. 1-4 at 33). Defendant did not place any "signs or warnings regarding abandoned mine hazards . . . on [Defendant's] land." (*Id.*) This failure to "give notice of, warn against, fence, barricade or otherwise guard the opening to the abandoned mineshaft at the Brighter Days Mine constitute[d] a breach of the duty owed to Plaintiffs." (*Id.*). As the mine is not located on federal land, Defendant interpreted these allegations as attempting to plead a cause of action based on the failure to place signs or barricades on federal land. Defendant's motion to dismiss argued "any decision to place or not to place signs or other obstructions" on federal land "was within the United States' discretionary function." (Doc. 15 at 2-3).

In addressing the motion, the Court construed Plaintiff's complaint in the same manner as Defendant. That is, the Court interpreted Plaintiffs' complaint as attempting to plead a "failure to warn" claim or a failure to install fencing claim regarding federal land. Thus, the Court allowed discovery on whether Defendant had "a mandatory policy which [Defendant] failed to follow or on establishing that [Defendant's] failure to erect warnings or a barrier is not 'susceptible to policy analysis.'" (Doc. 29 at 7). It now appears Plaintiffs wish to pursue a much broader case. In addition to claims based on the failure to erect warnings or a barrier on federal land, Plaintiffs also wish to pursue claims based on incorrect maintenance of a road on federal land and the failure to erect signs or barriers on the private land where the mine was located. These latter claims, however, do not appear in Plaintiffs' complaint.

**ANALYSIS**[1]

Federal Rule of Civil Procedure 26(c) provides that after a showing of good cause, a court may issue any protective order "which justice requires to protect a party or a person from . . . undue burden or expense." "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). While the Federal Rules contemplate a generous amount of discovery, "courts need not condone the use of discovery to engage in fishing expeditions." *Id.* at 1072.

Defendant's basis for seeking a protective order is that Plaintiffs' discovery requests "are beyond the scope of inquiry permitted" by the Court. (Doc. 38 at 3). Defendant contends the discovery is "unnecessary, overly burdensome, duplicative, and a waste of resources." (*Id.*) These statements are based on Defendant's understanding that this case centers on signage and barriers *on federal land*. Plaintiffs claim the requested discovery is appropriate because the case is not so limited.

While it is theoretically possible Plaintiffs have additional claims beyond those identified by Defendant, Plaintiffs have not pled the additional claims.[2] A party is only entitled to conduct discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As explained in the Advisory Committee Notes to the 2000 amendments, this language is meant to "signal[] to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or

---

[1] Plaintiffs make a number of unconvincing procedural arguments against the Court reaching the merits of the request for a protective order. First, Plaintiffs believe discovery motions are prohibited. This is true once a scheduling order has been entered. As no scheduling order has been filed, there is no prohibition on discovery motions. Second, Plaintiffs argue Defendant must make specific objections to each discovery request. The Federal Rules do not require a party respond to discovery with specific objections before seeking a protective order.

[2] For example, Plaintiffs have not pled a claim based on improper road maintenance.

defenses that are not already identified in the pleadings." Again, the complaint is based on the failure to place signage and barriers on federal land and Plaintiffs are entitled to discovery only on that alleged failure.

If Plaintiffs wish to obtain the discovery they have propounded, they must amend their complaint to plead additional theories.[3] Until that occurs, Plaintiffs' discovery must be limited to signage and barriers on federal land.

Accordingly,

**IT IS ORDERED** the Motion for Protective Order (Doc. 38) is **GRANTED**. Plaintiffs shall propound discovery limited to the failure to place signage or barriers on federal land.

**IT IS FURTHER ORDERED** Plaintiff's supplemental opposition to the motion to dismiss shall be filed no later than August 27, 2010. The reply is due on September 10, 2010.

DATED this 9th day of July, 2010.

_____
Roslyn O. Silver
United States District Judge

---

[3] According to Defendant, it would be futile for Plaintiffs to plead any claims not based on the failure to provide signage or barriers on federal land as Plaintiffs' administrative tort claim only involved failures on federal land. (Doc. 41 at 3-4).

- 4 -